MANSFIELD and another, Trustees, Respondents, vs. WILLIAM BECKER LEATHER COMPANY, Appellant.

*September 1 — September 22, 1896.*

*Foreign mutual fire insurance companies: "Receivers:" Statute construed: Limitation of actions.*

"Trustees" appointed in Ohio to wind up the affairs of an insolvent mutual fire insurance company of that state, with the general powers which receivers have in this state, are "receivers" within the meaning of ch. 293, Laws of 1893, which limits the time within which actions may be brought by the receivers of such corporations to enforce claims against policy holders in this state for premiums or assessments.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

The plaintiffs are trustees of the Buckeye Mutual Fire Insurance Company of Shelby, Ohio, a nonresident mutual fire insurance company, which has been declared by the proper court of Ohio to be insolvent, and of which the plaintiffs have been duly appointed trustees for the purpose of winding up its affairs and paying its debts, with the general powers of receivers as understood in this state. The defendant is the holder of a policy of that corporation. The action is brought to recover an assessment on a premium note given

by the defendant. The action was not brought until after the expiration of six months after the passage and publication of ch. 293, Laws of 1893. The defendant relies upon this statute as a defense to the action. The court held the statute to be unconstitutional, as providing a limitation which was unreasonably short, and gave judgment for the plaintiffs. From that judgment this appeal is taken.

For the appellant there was a brief by *Turner, Bloodgood & Kemper*, attorneys, and *Jackson B. Kemper*, of counsel, and oral argument by *Jackson B. Kemper*.

For the respondents there was a brief by *Toohey, Gilmore & Donovan*, and oral argument by *John Toohey*.

NEWMAN, J. The case is ruled by *Wyman v. Kimberly-Clark Co., ante*, p. 554. That case covers the whole ground involved in this, except, possibly, one contention. It was attempted to distinguish this case by the fact that the plaintiffs, under the laws and proceedings in Ohio, are called "trustees," while the statute speaks of a "receiver." It is clear that under the Ohio laws and practice "trustees" exercise the same functions which are exercised under our laws by receivers. The office is the same; the designation of the office only is different. It cannot be doubted that the plaintiffs are such officers as were intended by the statute by the designation "receiver." The statute is, no doubt, to be extended, if necessary, so as to include all cases which are clearly within the intention of its provisions, and not to be restricted to cases only which come strictly within its letter. It will not do to "stick in the letter" of the statute.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause remanded with direction to enter judgment for the defendant on the findings.